# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **G&R MINERAL SERVICES, INC.** ) | |
| An Alabama Corporation, ) | |
| ) | |
|     **Plaintiff/Counterclaim Defendant,** ) | |
| ) | |
| v. ) | **CASE NO.: 2:23-cv-00497-AMM** |
| ) | |
| **CARMEUSE LIME & STONE, INC.** ) | |
| ) | |
|     **Defendant/Counterclaim Plaintiff.** ) | |

_____

## G&R MINERAL SERVICES, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW
_____

COMES NOW the Plaintiff/Counterclaim Defendant, G&R Mineral Services, Inc., ("G&R"), and moves this Court to enter Judgment as a Matter of Law in its favor pursuant to Rule 50 of the Federal Rules of Civil Procedure. G&R is entitled to Judgment as a Matter of Law because, at the close of evidence, no reasonable jury could find in favor of Defendant/Counterclaim Plaintiff Carmeuse Lime & Stone, Inc. ("Carmeuse"), on G&R's claims against Carmeuse or on Carmeuse's counterclaims against G&R.

As to G&R's claims, Carmeuse has failed to present evidence sufficient to rebut G&R's right to damages for its unpaid invoices. As to Carmeuse's counterclaims, Carmeuse has not introduced evidence sufficient to support the

required elements of its claims, and therefore, those claims cannot be submitted to the jury. In support of this motion, G&R submits the following:

## STANDARD OF REVIEW

Under Rule 50(a), entry of judgment as a matter of law on a particular issue is appropriate before the case is submitted to the jury when "the facts and inferences point so overwhelmingly in favor of one party that reasonable people could not arrive at a contrary verdict." Brown v. Alabama Dept. of Transp., 597 F.3d 1160, 1173 (11th Cir. 2010) (citation and internal marks omitted); Fed. R. Civ. P. 50(a). In ruling on such a motion, the court should give credence to "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 151 (2000) (internal citations and quotation marks omitted).

Pursuant to Rule 50(b), if the court does not grant a motion made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion, upon a timely-filed renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(b).

## ARGUMENT

### I.  AS TO CARMEUSE'S COUNTERCLAIMS, NO REASONABLE JURY COULD FIND IN ITS FAVOR.

Carmeuse is claiming: 1) breach of contract; 2) negligence; and 3) breach of implied warranty. As demonstrated below, Carmeuse has failed to present legally

sufficient evidence for a reasonable jury to find for it on these counterclaims and damages. Consequently, G&R's Motion should be granted, and the Court should enter a judgment as a matter of law against these counterclaims.

**1. G&R Is Entitled to Judgment As A Matter Of Law As To Carmeuse's Negligence Claim.**

Under Alabama law, a plaintiff seeking to prevail on a claim of negligence must prove: (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or injury; and (4) that the defendant's breach was the proximate cause of the plaintiff's loss or injury. Franks v. Bolden, 774 F.2d 1552, 1555 (11th Cir. 1985).

As set forth below, Carmeuse has failed to present legally sufficient evidence of at least two of these requisite elements. Even assuming duty existed, Carmeuse has not established a breach, nor has it demonstrated that any alleged breach was the proximate cause of its claimed damages. As such, Carmeuse's negligence claim cannot be submitted to the jury and G&R should be granted judgment as a matter of law.

**A. Failure to prove duty and breach**

Before legal duty can be imposed, there must first be a legal duty to the person injured in a breach of that duty, proximately resulting in the injury. Graveman v. Wind Drift Owners ASS'N, 607 So. 2d 199 (Ala. 1992) (citing Hill v. Reaves, 139 So. 2d 263 (Ala. 1932). Duty is fundamental to a negligence claim, if there is no

duty owed to the plaintiff, then the defendant is entitled to judgment as a matter of law. Smitherman v. McCafferty, 622 So. 2d 322 (Ala. 1990). The Court, not a jury, determines whether a duty exists under a given set of facts. Rowes v. Miller & Co., Inc., 432 So. 2d 1237, 1238 (Ala. 1983) (citing Sparlin v. General Motors, 528 F. 2d 612 (5th Cir. 1976). The only duty owed by G&R was to act reasonably in performing the repairs. Carmeuse has not proven that G&R did anything other than act reasonably in this regard.

To date, Carmeuse has failed to identify or define any specialized duty owed by G&R beyond the duty to perform emergency repair services in a reasonable and workmanlike manner. Jeffery Krish, Carmeuse's engineering expert testified that G&R failed to exercise reasonable care by jacking the kiln in an "eccentric" location. However, Krish's testimony is insufficient to establish what the standard of care requires for contractors performing repairs in an emergency situation where there is no written contract between the parties. By contrast, Michael Transue, an industry expert for G&R, explained that, based on his experience in the relevant field of kiln maintenance and repairs, it is the owner's responsibility to communicate any specialized conditions relevant to successfully conducting kiln repair work. See R. L. Reid, Inc. v. Plant, 350 So. 2d 1022, 1027 (Ala. 1977). (Court deemed standard of care testimony insufficient because it failed to state what the standards of the profession required at the time the engineer performed his services.); Pruitt v. Zeiger,

590 So. 2d 236, 238-39 (Ala. 1991) (concluding that where the expert testimony fails to establish the standard of care it is impossible to establish any deviation from the standard). Carmeuse failed to prove that G&R owed anything beyond performing its responsibilities as communicated to G&R by Carmeuse

Carmeuse was required to prove that G&R breached that duty. See Flagstar Enterprises, Inc. v. Davis, 709 So.2d 1132, 1139 (Ala.1997). G&R fulfilled any duty it had to provide emergency repair services in a reasonable and workmanlike manner. Likewise, Carmeuse has not proven that G&R did anything other than act reasonably in this regard. Testimony elicited at trial shows that when Carmeuse called G&R, requesting repair services after the fire at Kiln 4, G&R waited for the kiln to cool, and began its repair work in the manner in which it had performed previous repairs to this same kiln. As evidence, G&R submitted a photo of its equipment supporting the pier at Kiln 4, from 2022, demonstrating its experience jacking the kiln in the same position as it did in July of 2022. (Pl. Exhibit No.8)

Carmeuse offered expert testimony to demonstrate engineering and design elements it alleges as relevant to the formation of cracks in Peir 1. While Carmeuse's expert has offered opinions on the engineering and design factors contributing to the formation of those cracks, Carmeuse has offered no evidence that G&R knew, could have known, or should have known of these conditions. Moreover, Carmeuse sought to prove this claim by submitting evidence of calculations and the design drawings

that demonstrate the inability of Peir 1 to withstand torsional stresses exceeding the capacity of the horizontal cross member. (See D. Exhibit No. 100-aa). However, no witness testified, and no piece of evidence established that such calculations or drawings were available or should have been available to G&R for purposes of this emergency repair.

### C. Failure to prove causation and damage

Carmeuse failed to present legally sufficient evidence that G&R's work, while undertaking the Kiln 4 repair, proximately caused the damages it claims. The proximate cause element is not met if another act or event was the sole proximate cause of the injury. General Motors Corp. v. Edwards, 482 So. 2d 1176, 1195 (Ala. 1985), overruled on other grounds, Schwartz v. Volvo North America Corp., 554 So. 2d 927 (Ala. 1989). Stated otherwise, a negligent party is accountable only to those injured as a proximate result of such negligence, and "[w]here some independent agency intervenes and is the immediate cause of the injury, the party guilty of prior negligence is not liable." Hall v. Booth, 423 So. 2d 184, 185 (Ala. 1982).

The evidence presented at trial shows that Carmeuse had possession of the drawings and information that would inform the manner in which its kiln should be repaired. Their witness, Jeffery Krish, testified that his conclusions were based on information provided by Carmeuse. He testified that Carmeuse provided him with

the design drawings and the kiln weight that was integral to his calculations. However, Brandon Johnson testified that no such information was provided to G&R prior to undertaking the repair. None of these external sources, forces, or conditions were controlled by G&R. Thus, Carmeuse did not establish that G&R's conduct in relying on those prior methods and dealings caused it any damage. <u>City of Mobile v. Havard</u>, 268 So. 2d 805, 810-11 (Ala. 1972) (noting that where a plaintiff would have suffered the same damage regardless of the defendant's conduct, the defendant's conduct cannot be the proximate cause of the injury). At the very least, Carmeuse was contributorily negligent and assumed the risk by hiring contractors who do not offer engineering services and analysis to perform repair work on a kiln with alleged torsional stress vulnerabilities and by failing to provide that relevant information to G&R. As such, G&R is due judgment as a matter of law on Carmeuse's negligence claim.

**2.     G&R Is Entitled to Judgment As A Matter of Law as To Carmeuse's Implied Warranty Claim.**

For the same reasons that Carmeuse has failed to demonstrate a breach to satisfy its negligence claim, it has not established the breach necessary to prove its claim for breach of implied warranty of workmanship. To prevail on this claim for breach of implied warranty, Carmeuse must establish: (1) That G&R and Carmeuse entered into a contract; (2) That G&R breached its duty to use reasonable skill in fulfilling its contractual obligations by performing its work in a non-workmanlike

manner; and (3) G&R's breach of its implied duty of workmanship caused Carmeuse's harm.

Carmeuse has not introduced evidence establishing that the services performed by G&R were unfit for their ordinary purpose or that any such unfitness existed at the time of performance. Nor has Carmeuse demonstrated a causal link between any alleged deficiency and its claimed damages. Likewise, Carmeuse has not demonstrated that G&R was negligent by supplying defective materials or that G&R was negligent in any other manner. Thus, the implied warranty claim also fails as a matter of law.

## II. AS TO G&R'S CLAIM TO ENFORCE THE LIEN, NO REASONABLE JURY COULD FIND IN FAVOR OF CARMEUSE.

G&R is entitled to enforce the full amount of its statutory lien against the property of Carmeuse and to secure the payment of said sum, with interest, fees and costs. Following the failure of Support Pier #1, G&R submitted three invoices for work done at the Longview Plant for $309,620.26. G&R is seeking to enforce the lien against Carmeuse's property for the amount of those unpaid invoices and has offered substantial evidence as to each element of this claim.

### 1. G&R Is Entitled to Judgment as A Matter of Law as To the Enforcement of Lien Claim

To perfect an unpaid-balance lien, G&R must prove: (1) Carmeuse's liability for and the amount of the debt G&R claims is due and subject to a lien; (2) G&R

provided written notice of the claimed lien to Carmeuse; (3) that G&R filed a verified statement of lien in the probate court in the county where the subject real property is located; (4) the verified statement of lien was filed within six months of the last work being performed by G&R; (5) G&R filed suit to enforce the lien and obtain a money judgment against Carmeuse; and (6) that the suit to enforce the lien was filed within six months of the maturity of the entire indebtedness.

### A.   G&R offered direct evidence of elements (2)-(6).

From the evidence submitted at trial, it is undisputed that G&R complied with Alabama's statutory, procedural, requirements and has thus proven elements (2)-(6) of its Enforcement of Lien claim. See Ala. Code §§ 35-11-210, 35-11-215, 35-11-220, 35-11-221, 35-11-224.  As to the second element, G&R submitted evidence of the written notice G&R sent to Carmeuse regarding the claimed lien. (P. Exhibit No. 4).  As to the third element, G&R submitted the Verified Statement of Lein, filed in the Probate Court of Shelby County, where Carmeuse's Longview plant is located. (P. Exhibit No. 5). The fourth element is proven by the dates reflected on the Verified Statement of Lien and the Invoices in evidence. (P. Exhibit No. 3; No. 5).  These dates and exhibits establish that the Verified Statement of Lien was filed within six months of the last work being performed by G&R. As to the fifth and sixth elements, testimony elicited at trial proves that G&R filed suit to enforce the lien within six

months of the maturity of the entire indebtedness. Carmeuse has failed to rebut any of the evidence establishing these elements.

Moreover, G&R has offered substantial evidence of Carmeuse's liability for the debt that is due. It is undisputed that G&R provided labor, equipment and materials for the benefit of Carmeuse on its Longview Division property. Further, of the $309,620.26 that G&R claims as due, Carmeuse has stipulated that it owes $236,071.68. As to the remainder, Carmeuse's position is that it should not have to pay for the equipment which was on site during the repairs by other vendors. Carmeuse has offered no competent evidence to substantiate this position.

### III.     G&R IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO BOTH BREACH OF CONTRACT CLAIMS

To prevail on a breach of contract claim under Alabama law, G&R must prove: (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." Reynolds Metals Co. v. Hill, 825 So.2d 100, 105–06 (Ala.2002). In this case, the parties stipulate that they had a contract.

#### A.     Carmeuse's Nonperformance

G&R has presented substantial evidence that Carmeuse has refused to pay G&R's three invoices for the materials and labor it provided. The testimony elicited by Carmeuse's own witness, Tony Marshall and Doyle Hurst, demonstrated that it was standard procedure for G&R to submit its invoice for time and materials after

either calling to get a Purchase Order number to place on its invoice prior to submitting it or to receive a Purchase Order after the work was completed, depending on if it was a planned outage or an emergency situation. This longstanding procedure between the parties was further corroborated by the 2021 Purchase Order which G&R submitted. (P. Exhibit No. 7). Additionally, Mr. Hurst explicitly stated that Carmeuse intentionally did not pay the invoices that G&R submitted. The amount of these invoices, and in turn, the amount which Carmeuse has refused to pay, has been proven through the invoices which G&R offered into evidence. (P. Exhibit No. 1; No. 2; No. 3). The testimony and evidence have established that, despite repeated demands to Carmeuse, Carmeuse has failed and refused to pay the three invoices for work performed by G&R, which totals $309,620.26. Thus, Carmeuse breached its contract with G&R and G&R is entitled to recover the amounts it claims is due.

### B.  G&R's Performance

Carmeuse claimed that G&R breached the parties' agreement by furnishing deficient and defective work, but Carmeuse's evidence was inadequate to prove any element of this claim. Carmeuse has failed to identify the specific contractual obligation allegedly breached by G&R's performance. Finally, Carmeuse has not provided competent evidence of any damages resulting from the alleged breach. Accordingly, judgment as a matter of law is also warranted on this claim.

## CONCLUSION

Based on the above and foregoing argument and case law, Carmeuse has not shown a breach of duty by G&R. Carmeuse has also failed to show that G&R breached the terms of the parties' agreement, thereby precluding those claims from being considered by the jury. Further, Carmeuse failed to introduce sufficient evidence to enable the jury to make a reasonable determination of the amount of allowable damages. Because Carmeuse has failed to carry its burden, its counterclaims are due to be dismissed as a matter of law in favor of G&R.

As to G&R's claims against Carmeuse, G&R has offered direct and substantial evidence to support the manner in which Carmeuse's failure to pay the invoices due constituted a breach of their agreement, and its compliance with the statutory requirements for enforcement of its lien against the Longview property. For this reason, G&R is also due judgment as a matter of law on Carmeuse's claims for negligence, breach of contract, and breach of implied warranty of workmanship.

Respectfully submitted,

*/s/ Tamera K. Erskine*
Tamera K. Erskine (asb9262e65t)
Alex L. Sandlin (asb3173c48e)

**WEBSTER, HENRY, BRADWELL,**
   **COHAN, SPEAGLE & DESHAZO, P.C.**
Two Perimeter Park South, Suite 445 East
Birmingham, Alabama 35243
 (205) 518-8973

Email: terskine@websterhenry.com
alex@websterhenry.com

*Attorneys for G&R Mineral Services, Inc*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2025, I electronically filed with the Clerk of the United States District Court via the CM/ECF system, a copy of the foregoing which will be electronically sent to the following counsel of record:

Annette L. Kinderman
Anderson Blackmon
PHELPS DUNBAR LLP
2025 3rd Avenue North
Suite 1000
Birmingham, AL 35203
annette.kinderman@phelps.com
anderson.blackmon@phelps.com

*/s/Tamera K. Erskine*
OF COUNSEL