## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **G&R MINERAL SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff/Counter Defendant,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:23-cv-00497-AMM** |
| | ) | |
| **CARMEUSE LIME & STONE, INC.,** | ) | |
| | ) | |
| **Defendant/Counter Plaintiff.** | ) | |

## DRAFT JURY INSTRUCTIONS

## PRELIMINARY JURY INSTRUCTIONS

### 1. General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a

lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. This case involves both parties' claims arising out of work performed by G&R Mineral Services, Inc. at Carmeuse Lime & Stone, Inc.'s Longview Division plant in Shelby County, Alabama in July of 2022. The Plaintiff, G&R claims that it is entitled to be paid for three invoices it submitted to Carmeuse for labor, equipment, and materials G&R furnished. Carmeuse, denies those claims and contends that G&R failed to properly perform all work required, performed

defective and deficient work, caused damage to Carmeuse's physical property and business, and caused Carmeuse to incur damages and expenses that exceed the unpaid balances of G&R invoices.

Burden of proof:

G&R has the burden of proving its case by what the law calls a "preponderance of the evidence." That means G&R must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring G&R and the evidence favoring Carmeuse on opposite sides of balancing scales, G&R needs to make the scales tip to its side. If G&R fails to meet this burden, you must find in favor of Carmeuse.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Carmeuse has also brought claims for relief against G&R called counterclaims. On these claims, Carmeuse has the same burden of proof that G&R has for its claims.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, TikTok, and X, formerly known as Twitter, or ChatGPT. You may not use any similar technology of social media or artificial intelligence platforms, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, their attorneys, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, G&R will present its witnesses and ask them questions. After G&R questions the witness, Carmeuse may ask the witness questions – this is called "cross-examining" the witness. Then Carmeuse will present its witnesses, and G&R may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.


Source: 11th Circuit Pattern Jury Instruction1.1.

## 2. Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Source: 11th Circuit Pattern Jury Instruction 1.4.

### 3. Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case. I will now read you the facts stipulated by the parties:

1. Plaintiff and Counterclaim Defendant G&R Mineral Services, Inc. ("G&R") provides industrial plant maintenance and environmental services nationwide, with a principal place of business in Jefferson County, Alabama, located at 2355 Alton Road, Birmingham, AL 35210.

2. Defendant and Counterclaim Plaintiff Carmeuse Lime & Stone, Inc., operates a limestone quarry and lime plant in Shelby County, Alabama, called Longview Plant, located at 599 Highway 31 South, Saginaw, AL 35137 ("Longview Plant").

3. At the Longview Plant, Carmeuse manufactures various types of lime using rotary kilns.

4. A rotary lime kiln is a large, cylindrical steel tube, lined with refractory bricks, that is slightly inclined and slowly rotates on its axis, allowing limestone to be fed in at the high end and gradually move through the kiln while being heated to high temperatures, resulting in the production of lime at the discharge end; essentially, it's a rotating furnace used to calcine

limestone by continuously moving the material through a heated zone while it rotates to ensure even heating.

5. Kiln #4 at the Longview Plant consisted of an axially rotating hollow cylindrical steel tube resting on trunnion rollers supported by two reinforced concrete piers, called support piers, approximately 115 feet apart. The kiln was 14 feet in diameter and approximately 200 feet in length, sloping downward from east to west where it discharged into the Lime Cooler Building at the west end of the kiln.

6. On July 20, 2022, the oil within the trunnion roller located on one of Kiln #4's supporting piers (Support Pier #1) caught fire. The fire was extinguished within 5-10 minutes and no visible damage was reported to the concrete support pier at that time.

7. Carmeuse called G & R Mineral Services ("G&R") to perform emergency maintenance and remove and repair the trunnion in the days following the fire.

8. G&R had a longstanding history of providing labor, equipment and materials at Carmeuse's request on site at the Longview Plant.

9. Kiln #4 was in use and was full and heated at the time of the trunnion fire and was immediately stopped and remained full during the emergency work.

10. G&R waited to begin the emergency repair until after the kiln had cooled down sufficiently to perform the work safely.

11. As part of this emergency maintenance and repair, G&R placed a hydraulic temporary jacking assembly on the horizontal midspan of Support Pier #1, directly beneath the kiln, to lift the kiln and remove the trunnion. The jack was placed along the eastern edge of the midspan of the pier, off-center, outside of the steel support frame.

12. On Thursday, July 21, 2022, the kiln was lifted and the trunnion removed, with the plan to reset the equipment on the following day, Friday, July 22nd.

13. However, while the temporary jacking assembly was still in place, two large cracks were observed in the concrete pier the morning of July 22 prior to resetting the equipment.

14. Support Pier #1 had fractured, with the horizontal midspan moving downward, along with Kiln #4.

15. Cracks in the two northern concrete piers supporting the Lime Cooler Building were discovered on August 15, 2022.

16. A crack in a welded seam in the steel shell of Kiln #4 was discovered November 29, 2022.

17. The cracks in the Lime Cooler Building support piers were caused by overstress of the members due to loads imposed by the displacement of the kiln following the failure of Support Pier #1.

18. The fracture of the welded steel seam at Kiln #4 was caused by stresses induced by the abrupt downward displacement of the kiln due to failure of Support Pier #1.

19. These damages rendered Kiln #4 inoperable for a time, leading to business losses by Carmeuse.

20. Had the repairs been completed on time, Kiln #4 would have been expected to be operational beginning on July 26, 2022.

21. Kiln #4 instead resumed production on August 26, 2022.

22. Following the failure of Support Pier #1, G&R submitted three invoices for work done at the Longview Plant for $309,620.26.

23. Carmeuse agrees that G&R is owed $236,071.68 for work performed at the Longview Plant in connection with Kiln #4. Carmeuse disputes the remainder of G&R's invoices.

24. Carmeuse contends that it expended $629,446.79 to repair property damage resulting from the failure of Support Pier #1.

25. Carmeuse contends that it also suffered business interruption damages of $591,006. These losses consisted of $99,392 of business income loss and $491,614 of incremental costs for mitigation.

   a. These losses were calculated from July 26, 2022, the date repairs were scheduled to be completed, until August 26, 2022, the Kiln #4 resumed production.

26. G&R disputes liability for and the amount of damages claimed by Carmeuse.

Source: 11th Circuit Pattern Jury Instruction 2.1; Doc. 54.

# INSTRUCTIONS DURING TRIAL

## 4. White Noise

I have called the lawyers to the bench to discuss something that should be discussed only between the lawyers and the judge, not heard by anyone else in the courtroom except the court reporter. While we confer, you will hear white noise over the courtroom speakers. Do not attempt to listen and do not read anything into the fact that the conversation is happening.

# <u>INSTRUCTIONS BEFORE CLOSING</u>

**5.  Introduction**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Source: 11th Circuit Pattern Jury Instruction 3.1.

### 6. The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Source: 11th Circuit Pattern Jury Instruction 3.2.2.

## 7. Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.


Source: 11th Circuit Pattern Jury Instruction 3.3.

## 8. Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Source: 11th Circuit Pattern Jury Instruction 3.4.

### 9. Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Source: 11th Circuit Pattern Jury Instruction 3.5.1.

## 10. Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Source: 11th Circuit Pattern Jury Instruction 3.6.1.

## 11. Responsibility for Proof – Plaintiff's Claims, Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the party bringing any claim to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for the Defendant or Counter-Defendant as to that claim.

Source: 11th Circuit Pattern Jury Instruction 3.7.1.

**12. Stipulations**

As I instructed you before trial began, the parties have agreed that certain facts are true. This agreement is called a stipulation. I read these stipulated facts to you before trial, and you will be provided with a written copy when you begin your deliberations. You must treat these facts as proved for this case.

Source: 11th Circuit Pattern Jury Instruction 2.1.

### 13. Breach of Contract

Plaintiff G&R and defendant Carmeuse stipulate that they had a contract.

You must decide:

1. Did G&R do the things the contract required it to do; and,

2. Did Carmeuse fail to do something the contract required it to do.

If you find these two issues for G&R, you must then decide whether it was harmed by Carmeuse's breach. If G&R was harmed, you must determine what amount of money to award it.

Source: Alabama Pattern Jury Instruction 11.57.

**14. Damages**

If you decide that plaintiff G&R proved its claim against defendant Carmeuse for breach of contract, you must also decide how much money will fairly and reasonably compensate G&R for the harm caused by the breach. This compensation is called "damages." The purpose of damages is to put G&R in as good a position as it would have been if Carmeuse had not broken the contract.

Source: Alabama Pattern Jury Instruction 11.36.

## 15. Enforcement of a Lien

If you decide that G&R proved its claim against Carmeuse for breach of contract and that G&R is entitled to damages for that breach, G&R contends that a lien should be enforced against Carmeuse's property for the amount G&R has established it is owed by Carmeuse.

To perfect an unpaid-balance lien, G&R must prove to your reasonable satisfaction from the evidence all of the following:

(1) that G&R established Carmeuse's liability for and the amount of the debt G&R claims is due and subject to a lien;

(2) that G&R provided written notice of the claimed lien to Carmeuse;

(3) that G&R filed a verified statement of lien in the probate court in the county where the subject real property is located;

(4) that the verified statement of lien was filed within six months of the last work being performed by G&R;

(5) that G&R filed suit to enforce the lien and obtain a money judgment against Carmeuse; and

(6) that the suit to enforce the lien was filed within six months of the maturity of the entire indebtedness.

If G&R proves each of these elements to your reasonable satisfaction, you must find for G&R on this claim.

If G&R fails to prove any of the required elements to your reasonable satisfaction, you must find for Carmeuse on G&R's enforcement of lien claim.

*See* Ala. Code §§ 35-11-210, 35-11-215, 35-11-220, 35-11-221, 35-11-224; *Grubbs*

*v. Jenkins Brick Co*., 571 So.2d 1119, 1120 (Ala.1990).

**16. Issues—Contract Admitted—Counterclaim**

Defendant Carmeuse agrees there was a contract and that it was broken. Carmeuse says it did not break the contract but the plaintiff G&R broke the contract. You must decide whether either party broke the contract and if so whether the other party was harmed as a result.

Source: Alabama Pattern Jury Instruction 11.14

**17. Breach of Contract**

Counterclaim plaintiff Carmeuse and counterclaim defendant G&R stipulate that they had a contract.

You must decide:

1. Did Carmeuse do the things the contract required it to do; and,
2. Did G&R fail to do something the contract required it to do.

If you find these two issues for Carmeuse, you must then decide whether it was harmed by G&R's breach. If Carmeuse was harmed, you must determine what amount of money to award it.

Source: Alabama Pattern Jury Instruction 11.57.

**18. Damages**

If you decide that counterclaim plaintiff Carmeuse proved its claim against counterclaim defendant G&R for breach of contract, you must also decide how much money will fairly and reasonably compensate Carmeuse for the harm caused by the breach. The purpose of damages is to put Carmeuse in as good a position as it would have been if G&R had not broken the contract.

Source: Alabama Pattern Jury Instruction 11.36.

### 19. Breach of Implied Warranty of Workmanship – Elements

Carmeuse also claims that G&R breached it duty to provide reasonable skill in fulling their contractual obligations.

The law imposes a duty upon all contracting parties to use reasonable skill in fulfilling their contractual obligations. To recover damages from G&R for breach of implied warranty of workmanship, Carmeuse must prove to your reasonable satisfaction from the evidence all of the following:

1. That G&R and Carmeuse entered into a contract;
2. That G&R breached its duty to use reasonable skill in fulfilling its contractual obligations by performing its work in a non-workmanlike manner.
3. G&R's breach of its implied duty of workmanship caused Carmeuse's harm.

If Carmeuse proves all these things, you must find for it, and then you must decide how much money will reasonably compensate Carmeuse.

If Carmeuse does not prove all these things, you must find for G&R on Carmeuse's claim for breach of implied warranty of workmanship.

### References

*Blackmon v. Powell*, 132 So. 3d 1, 5 (Ala. 2013); *Sherrill v. Ala. Appliance Co.*, 197 So. 1, 4 (1940); *Mobile Life Ins. Co. v. Randall*, 74 Ala. 170, 176–77 (1883).

**20. Negligence—Elements of Liability**

Counterclaim plaintiff Carmeuse says that it was harmed by counterclaim defendant G&R's negligent conduct. To recover, Carmeuse must prove to your reasonable satisfaction from the evidence all of the following:

1. That G&R was negligent;

2. That Carmeuse was harmed; and

3. That G&R's negligence was a cause of Carmeuse's harm.

If Carmeuse proves all these things, you must find for it, and then you must determine what amount of money to award Carmeuse.

If Carmeuse does not prove all these things, you must find for G&R.

Source: Alabama Pattern Jury Instructions 6:00.

## 21. Negligence—Definition

Negligence is the failure to use reasonable care to prevent harm to oneself or others.

A person's conduct is negligent when it either does something that a reasonably prudent person would not do in a similar situation, or it fails to do something that a reasonably prudent person would have done in a similar situation.

You must decide if the counterclaim defendant G&R was negligent in this situation.

Source: Alabama Pattern Jury Instruction 6.01.

## 22. Introduction to Damages

In addition to Carmeuse's claim for breach of contract, Carmeuse asserts claims for negligence and breach of implied warranty of workmanship.

If Carmeuse has not proved a claim, your verdict must be for G&R on that claim and you do not consider damages.

If Carmeuse has proved a claim, you must then decide how much money to award Carmeuse on that claim. The money you award is called damages.

Carmeuse asks you to award compensatory damages for the harm caused by G&R.

Carmeuse must prove the amount of compensatory damages to your reasonable satisfaction from the evidence and the reasonable inferences from the evidence. You cannot guess the amount of damages.

I will give you a written verdict form, and you will use that form to report your decision in the case. At the end of these instructions, I will tell you how to use the form.


Source: Alabama Pattern Jury Instruction 4.00.

### 23. Compensatory Damages

Compensatory damages are awarded to fairly and reasonably compensate for the harm caused by another's wrongful conduct.

Source: Alabama Pattern Jury Instruction 4.01.

**24. Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue**

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source: 11th Circuit Pattern Jury Instructions 3.8.2.

## 25. Election of Foreperson Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Source: 11th Circuit Pattern Jury Instruction 3.9.